## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMY MCKINNEY, wife of and | * | |
| HARLEY KYLE MCKINNEY, on behalf | * | |
| of themselves and all those similarly situated, | * | |
| Plaintiffs | * | |
| | * | SECTION |
| versus | * | |
| | * | |
| COVIDIEN, INC. | * | MAGISTRATE |
| | * | |
| Defendant | * | |

*******************************************

## CLASS ACTION COMPLAINT

THE COMPLAINT OF AMY MCKINNEY, wife of and HARLEY KYLE MCKINNEY, on behalf of themselves and all those similarly situated, persons of the full age of majority and domiciled in the Parish of Washington, State of Louisiana, respectfully represent as follows:

1.

At all times pertinent hereto, complainants, AMY MCKINNEY, wife of and HARLEY KYLE MCKINNEY were domiciled in the Parish of Washington, State of Louisiana.

2.

Defendant, COVIDIEN, INC., (hereinafter Covidien) is a foreign corporation doing business in the State of Louisiana.

Page -1-

3.

Defendant Covidien designed, manufactured, sold and marketed gastric stapling devices to medical providers, including St. Tammany Parish Hospital in Louisiana, and including the stapling device and/or system and staples that are the subject of this claim.

Defendant Covidien directly through agents or distributors, marketed and sold its products, including the stapling device and staples in question, directly or through distributors, to St. Tammany Parish Hospital in Louisiana.

4.

At all times pertinent hereto, Defendant was doing business in this judicial district.

5.

Jurisdiction is proper under 28 U.S.C. § 1332 as complete diversity exists between the complainants and defendant.  Complainants are claiming damages in excess of the minimal jurisdictional limit of this Court.

6.

Venue is proper as complainants are Louisiana residents, their claims and causes of action arose in this judicial district and a substantial part of the events giving rise to the complainants' claims occurred in this judicial district.

7.

Defendant is liable unto complainants for all general and physical and mental and special damages which are reasonable in the premises including, but not limited to, all expenses, costs, expert fees, attorney's fees, judicial interest from date of demand until paid, and all equitable and general relief, and all for the following reasons, to-wit:

8.

Defendant manufactured products known as endomechanical instruments, including laparoscopic instruments and surgical staplers for the treatment of medical conditions, including for the treatment of morbid obesity.

9.

At all times pertinent hereto, defendant conducted continuous and systematic business in the State of Louisiana, including, but not limited to, the marketing, distributing and advertising of its products.  This defendant contracted with Louisiana residents and health care providers to market, distribute and advertise its products, all of which were performed in the State of Louisiana.  Furthermore, this defendant committed tortious acts in the State of Louisiana relating to its marketing, distributing, and advertising of its products.

10.

On or about May 16, 2011, complainant, MRS. AMY MCKINNEY, underwent laparoscopic gastric sleeve resection surgery for morbid obesity at St. Tammany Parish Hospital performed by Dr. William Karl Ordoyne, MD.  As part of the surgical procedure performed, Dr. Ordoyne transected the stomach using a stapling device and staples designed, manufactured, and sold by Defendant Covidien.

11.

On May 29, 2011, complainant had a sudden onset of epigastric pain associated with fever and chills.  An upper GI demonstrated a leak from the previous staple line and this finding was confirmed by CT scan.  Mrs. McKinney was taken into the operating room where Dr. William Karl Ordoyne performed a diagnostic laparoscopy.  As a result of the leakage from her

staple line, Plaintiff Amy McKinney developed massive multiple infections and other complications requiring extended hospitalizations and surgeries.

12.

Complainant, MRS. AMY MCKINNEY, suffered injury and damages as a result of the laparoscopic gastric sleeve resection surgery, and in particular, as a result of Defendant's defective medical product.

13.

**FIRST CAUSE OF ACTION**

Defendant is liable unto complainants under the Louisiana Products Liability Act, R.S. 9:2800.51, *et seq*., as complainants' damages were proximately caused by the acts and/or omissions of defendant in the following particulars:

1.    Providing a product that was unreasonably dangerous in construction or composition;

2.    Providing a product that was unreasonably dangerous in design;

3.    Providing a product that was unreasonable dangerous because of inadequate warnings about the product;

4.    Providing a product that was unreasonable dangerous because of nonconformity to express warranties.

14.

Defendant knew, or should have known, that at the time its products left its control, the design, nature and danger of the product's characteristics could cause complainants' damage. Furthermore, defendant knew or should have known of the design, nature and danger of the product's characteristics, but failed to inform the public and foreseeable users.

15.

## SECOND CAUSE OF ACTION

Defendant is by operation of law presumed to know that its products contained redhibitory defects which they failed to declare, so that defendant is further liable unto complainants under Articles 2520 *et seq*. of the Louisiana Civil Code.  Such liability includes return of the purchase price, damages, including, but not limited to, mental anguish, and attorney's fees pursuant to Article 2545 of the Louisiana Civil Code and the presumption contained therein.

16.

Separate and apart from, and in the alternative to their status as manufacturers of their products, defendant entered into a contract of sales with complainants as a result of complainants' purchase of their products.

17.

## THIRD CAUSE OF ACTION

As a result of their breach of conventional obligations, defendant is obligor in bad faith per Articles 1994 and 1997 of the Louisiana Civil Code and liable unto complainants for all damages, foreseeable or not, that are a direct consequence of defendant's failure to perform, including, but not limited to, damages for pecuniary and non-pecuniary loss.

18.

## FOURTH CAUSE OF ACTION

Defendant, in the alternative, is liable unto complainants under Article 2298 of the Louisiana Civil Code in that defendant was unjustly enriched without cause at the expense of complainants.

19.

## FIFTH CAUSE OF ACTION

Defendant has engaged in unfair and/or deceptive acts in violation of the Louisiana Unfair Trade Practices Act. LSA-R.S. 51:1401 *et seq.*, warranting the imposition of damages and attorneys' fees.

20.

## SIXTH CAUSE OF ACTION

To the extent that the evidence establishes that defendant has engaged in intentional misrepresentations, delictual fraud or has violated Art. 1953 of the Louisiana Civil Code, Defendant is liable unto complainants for the imposition of damages and attorneys' fees.

21.

## SEVENTH CAUSE OF ACTION

Alternatively, defendant is liable unto complainants under a theory of negligent misrepresentation.  Specifically, defendant, because of its research and testing, assumed a duty to insure that the information it provided to physicians and hospitals about its products was accurate, correct and complete.  However, because of lack of reasonable care or lack of skill or competence, defendant misrepresented that information causing physical injury and economic loss to complainants, who were intended users of the products and who relied upon the representations, to their detriment.  Defendant owed a duty to complainants because of defendant's knowledge that the ultimate purpose of their misrepresentations was to facilitate the sale of their products to users like complainants.  Defendant knew that complainants would receive those misrepresentations through physicians and hospitals who would channel

defendant's products to users like complainants.

22.

**EIGHTH CAUSE OF ACTION**

Defendant is liable unto complainants for negligent infliction of emotional distress.

23.

As the proximate result of the aforementioned acts and/or omissions of defendant, complainants have sustained, or are certain to sustain, the following damages:

A.      Past and future loss of earnings;

B.      Past and future medical expenses;

C.      Nursing and rehabilitative care expenses;

D.      Loss of earning capacity;

E.      Past and future pain and suffering;

F.      Past and future mental anguish;

G.      Permanent disability;

H.      Loss of enjoyment of life.

24.

At all times pertinent hereto, complainant, HARLEY KYLE MCKINNEY, was the lawful husband of AMY MCKINNEY and is entitled to recover damages for loss of consortium, services and society for his damages as a result of the injuries sustained by his wife.

25.

Complainants plead the doctrine of *res ipsa loquitur*.

26.

This Complaint is filed within one (1) year of when AMY MCKINNEY first learned of a defect in defendant's products and the causal link between her injury and a defect in defendant's products.  Complainants assert the doctrine of *contra non valentem*.

**CLASS ACTION**

27.

This action is appropriate for determination through the Class Action Procedure for the following reasons:

A.      The large number of potential claimants present a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims;

B.      The common issues of law and fact pertaining to the determination of fault and the liability for compensatory and exemplary damages predominate over the individual issues of quantum, and such issues are typical of similar claims;

C.      The determination of fault and the basis for assessment of compensatory and exemplary damages may be made in the class action without the necessity of proof at the time as to the amount of those damages, thereby establishing guidelines for settlement and/or subsequent trials in individual cases if necessary;

D.      Complainants herein have sustained damages of the nature described hereinabove and are suitable representative of the class and hereby seek to be confirmed as class representatives;

E.      The Complainants herein are represented by skilled attorneys who are experienced in handling mass torts and class actions, and who can be expected to handle this

matter in an expeditious and economical matter to the best interests of the class membership.

F.   The class action procedure is the superior vehicle for the efficient disposition of the issues and claims herein presented.

28.

Further, Plaintiffs and all those similarly situated are entitled to have this cause maintained as a class action for the following additional reasons:

A)   Requiring the institution of separate lawsuits would pose a serious risk of inconsistent adjudications and earlier separate determinations with a prejudicial effect on subsequent litigants.

B)   Prosecution of separate actions would pose a serious threat of substantially impeding the ability of class members to protect their interests.

C)   Any resistance of liability by the defendants would be applicable to all claims presented by all members of the class.

D)   There are common issues of law and fact that predominate over those issues that might pertain to individual cases.

E)   The class action is a superior procedural vehicle for the fair and efficient adjudication of this controversy, to wit:

1)   The vast majority of the class members have no interest in controlling the litigation;

2)   Such a method of proceeding would allow the Court to process all rightful claims in one proceeding;

3)      It is desirable to concentrate all the litigation in one forum; and

4)      Class litigation is manageable considering the opportunity to afford reasonable

notice of significant phases of the litigation to class members and permit

distribution of the recovery.

29.

Plaintiffs propose to proceed on behalf of the following class of individuals:

*All persons in the State of Louisiana who have suffered damage  as a result of Defendant Covidien, Inc.'s surgical stapler system, except members of the federal judiciary and federal court staff who are hereby expressly excluded.*

**WHEREFORE**, complainants, AMY MCKINNEY and HARLEY KYLE MCKINNEY,

pray:

A.      That defendant, Covidien, be duly cited to appear and answer this Class Action

Complaint ;

B.      That after due proceeding had, that this action be certified as a class action, as

alleged above, for the purpose of determining the common issues of liability and

causation;

C.      That upon certification of the class action, the Court call for the formulation of a

suitable case management plan;

D.      That after due proceedings had, there be judgment herein in favor of complainants

and against defendant, for all damages which are reasonable in the premises which

will fully compensate Complainants herein, together with legal interest thereon

from the date of judicial demand until paid, and for all costs of these proceedings.

E.      That the rights of complainants and the members of the class to establish their

entitlement to compensatory damages, and the amounts thereof, be reserved for

determination in their individual actions as appropriate.

F.      That complainants recover their costs for the prosecution of this class action and

be awarded such sum as is reasonable for their service as class representatives.

G.      That a medical monitoring class be certified, and the Court award appropriate

damages sufficient to establish a medical monitoring program as deemed effective

by complainants' medical experts.

H.      That the Court render judgment in favor of Complainants' class awarding all

damages as prayed for herein, including attorneys' fees, with all costs assessed

against Defendant.

Respectfully submitted:

Date: May 15, 2012            /s/ Val Patrick Exnicios
                              **VAL PATRICK EXNICIOS, T.A.  (LA Bar #19563)**
                              Carlos A. Ramirez (LA #31532)
                              *Liska, Exnicios & Nungesser*
                              Attorneys & Counselors-at-Law
                              1515 Poydras Street, Suite 1400
                              New Orleans, LA 70112
                              (504) 410-9611
                              Fax: (504) 410-9937
                              Vpexnicios@exnicioslaw.com
                              Cramirez@exnicioslaw.com

**PLEASE SERVE:**

**COVIDIEN**
Through the Louisiana Long-Arm Statute
15 Hampshire Street
Mansfield, MA 02048

Page -11-