UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY MCKINNEY, wife of and<br>HARLEY KYLE MCKINNEY, on behalf<br>of themselves and all those similarly situated<br><br>VERSUS<br><br>COVIDIEN, INC. | CIVIL ACTION<br><br><br>NO. 12-1242<br><br><br>SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendant Covidien Inc.'s motion seeking dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of Plaintiffs' claims (Rec. Doc. 6). Considering applicable law, and the parties' submissions, **IT IS ORDERED** that, for essentially the reasons stated by Covidien in its supporting memoranda (Rec. Docs. 6-1 and 16), the motion is **GRANTED** to the extent stated herein.

With respect to their second through eighth causes of action, Plaintiffs offer no opposition to Defendant's motion seeking their dismissal. Thus, **IT IS ORDERED** that those claims are **DISMISSED WITH PREJUDICE**.

Regarding Plaintiffs' first cause of action, asserted under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, et seq., Rule 8 of the Federal Rules of Civil Procedure requires that complaints provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct.

2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). At present, Plaintiffs' complaint does not satisfy these requirements.

Nevertheless, considering the content of Plaintiffs' opposition memorandum (Rec. Doc. 7), which includes factual information not included in Plaintiffs' complaint, the Court cannot say that amendment of Plaintiffs' first cause of action, regarding the LPLA, necessarily would be futile. Although Plaintiffs maintain that they require discovery regarding certain basic information pertinent to that cause of action, Plaintiffs certainly can allege, without the benefit of discovery, based on their "knowledge, information, and belief, after an inquiry under the circumstances," what probative, supporting evidence that discovery is anticipated to provide. *See* Rule 11(b) of the Federal Rules of Civil Procedure.

Given the foregoing, **IT IS ORDERED** that Plaintiffs' LPLA claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to amend those allegations, no later than twenty (20) days from the entry of this Order and Reasons, in accordance with the standards set forth above. If they desire this matter to proceed as a class action, Plaintiffs also must amend their complaint to comply with requirements of Local Rule 23.1 Any such submissions shall be made in the form of an amending and superseding complaint that includes the allegations in Plaintiffs' petition upon which they still rely, as well as their additional allegations. Finally, if Plaintiffs cannot,

2

or do not, cure these deficiencies by timely amendment, the Court shall, upon motion by Defendant, order its dismissal of Plaintiffs' LPLA claims to be with prejudice.

New Orleans, Louisiana, this 17th day of January 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**